UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEILA DHAROD,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>LOS ANGELES CITY COLLEGE; et al.,<br><br>        Defendants - Appellees. | No. 11-56607<br><br>D.C. No. 2:11-cv-03902-JST-RNB<br>U.S. District Court for Central California, Los Angeles<br><br>**MANDATE** |



RECEIVED
CLERK, U.S. DISTRICT COURT

3/14/2013

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DLM_____ DEPUTY

The judgment of this Court, entered February 19, 2013, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                        FOR THE COURT:
                                        Molly C. Dwyer
                                        Clerk of Court

                                        Synitha Walker
                                        Deputy Clerk

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEILA DHAROD,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>LOS ANGELES CITY COLLEGE; et al.,<br><br>        Defendants - Appellees. | No. 11-56607<br><br>D.C. No. 2:11-cv-03902-JST-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine S. Tucker, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

    Sheila Dharod appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging claims related to her impeachment as a student body leader at a California community college.  We have jurisdiction under

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291.  We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm in part, vacate in part, and remand.

The district court properly dismissed Dharod's 42 U.S.C. § 1985 claims because Dharod failed to allege either a racial or other class-based conspiracy to deprive her of her equal protection rights, or that defendants interfered with any judicial proceeding or a federal official's performance of his or her duties.  *See* 42 U.S.C. § 1985; *see also Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (discussing elements of § 1985 claim).

 The district court properly dismissed Dharod's § 1983 claims against the Los Angeles City College and the Associated Students Organization based on Eleventh Amendment sovereign immunity, and against the individual student defendants because they did not act under color of state law.  *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035-36 (9th Cir. 1999) (state university's student government body is entitled to Eleventh Amendment immunity); *Cerrato v. S.F. Comm. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (community college districts are dependent instrumentalities of the state for purposes of Eleventh Amendment); *see also Huffman v. County of Los Angeles*, 147 F.3d 1054, 1057 (9th Cir. 1998) (defendant must have acted "under color of" law to be liable under § 1983).

The district court also properly dismissed Dharod's failure to train or supervise claims because there can be no § 1983 liability for failing to train or supervise private student actors. *See Huffman*, 147 F.3d at 1057.

However, given her pro se status, Dharod should have been allowed leave to amend her § 1983 claims for alleged constitutional violations against Dean Peters in his official capacity to the extent that she sought prospective injunctive relief. *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (state officials sued in their official capacity for prospective injunctive relief, including expungement of records related to a student's censure and denial of seat in student government, are persons subject to suit under § 1983); *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (public employees act under color of state law when acting in their official capacity); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend must be granted unless it is clear that the deficiencies in the complaint cannot be cured by amendment). Accordingly, we vacate only the denial of leave to amend Dharod's § 1983 claims under the First and Fourteenth Amendments against Dean Peters in his official capacity to the extent that they seek prospective injunctive relief.

**AFFIRMED in part, VACATED in part, and REMANDED.**